**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER DANILO CABRERA, | No. 14-72626 |
| Petitioner, | |
| v. | Agency No. A070-940-838 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2016[**]

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Walter Danilo Cabrera, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for special

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

The BIA properly determined that Cabrera is subject to the heightened hardship standard under NACARA due to his conviction. 8 C.F.R. § 1240.66(c). To the extent that Cabrera challenges the BIA's discretionary determination that he failed to establish the hardship required to qualify for relief under NACARA, we lack jurisdiction. *See Ixcot v. Holder*, 646 F.3d 1202, 1213-14 (9th Cir. 2011) (the statute expressly precludes the court from reviewing the agency's eligibility determination for NACARA special rule cancellation of removal). In light of our disposition, we do not reach Cabrera's remaining contentions regarding his credibility and eligibility for NACARA. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (the court need not reach a contention when another dispositive determination has been made).

We lack jurisdiction to review Cabrera's unexhausted contention that he was denied a full and fair hearing. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (procedural due process claims must be exhausted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**